**Victor FILIP, Plaintiff,**

v.

**Judge Timothy FLANAGAN, Defendant.**

**No. C88–4424.**

United States District Court,
N.D. Ohio, E.D.

Dec. 18, 1989.

Victor Filip, Cleveland, Ohio, pro se.

Colleen J. Clooney and Laura Gallagher, Asst. County Prosecutors, Cleveland, Ohio, for defendant.

## ORDER

BATTISTI, Chief Judge.

This case illustrates the observation that lawsuits which spawn other lawsuits rarely serve the cause of justice. Defendant Domestic Relations Judge Timothy Flanagan ("Judge Flanagan")[1] has filed a Motion to Dismiss or in the Alternative Motion for Summary Judgment.[2] For the following reasons, the Alternative Motion for Summary Judgment is Granted in favor of Defendant Judge Flanagan.

---

1. Judge Flanagan serves on the Domestic Relations Division of the Court of Common Pleas, Cuyahoga County.

2. This Court issued a protective order under Rule 26(c)(1) to stay further discovery pending a ruling on this Motion. The Court's decision today moots any decision of the Motions to Compel Discovery.

While incarcerated in the Cuyahoga County Jail for Contempt of Court, Plaintiff Victor Filip ("Filip") filed a *pro se* civil rights [42 U.S.C. § 1983] Complaint against Defendant Judge Flanagan in federal court on December 2, 1988.[3] Under 28 U.S.C. §§ 1331 and 1343(a)(3), this Court has subject matter jurisdiction. In the Complaint, Plaintiff alleges that the Domestic Relations Court deprived him of his liberty and property and violated his Due Process and Miranda rights, as well as state court rules. Plaintiff requests "compensation for [his] injury and other equitable relief," and an Order requiring the Domestic Relations Court "to follow the law and rules of court." Complaint at ¶ V.

Defendant filed a Motion to Dismiss or in the Alternative Motion for Summary Judgment on Feb. 15, 1989, and attaches to his Motion a certified copy of *Filip v. Filip*, ("Filip II") Case Nos. 53225, 53226 (unreported), 1987 WL 30355 (Cuyahoga App. Ohio 1988) (Markus, J.), which describes the underlying facts. In response, Plaintiff has filed a Brief in Opposition, (which reads more like a Complaint), and attaches a Common Pleas citation order for contempt (Exhibit A) and a letter Plaintiff wrote to his ex-wife's attorney. Because *pro se* Complaints are held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), and the very brief and conclusory nature of the Complaint, this Court considers all the parties' submissions. Thus, this Court treats this Motion, under Fed.R.Civ.P. 12(b), as a Motion for Summary Judgment.[4]

Boiled down to its factual essence, the Complaint alleges that Plaintiff is "currently incarcerated" in his third confinement because he failed to satisfy a civil judgment, that indigency prevents him from complying with a judgment, that in his second and third contempt of court proceedings he did not receive a hearing, Miranda rights, bail, and a chance to see a copy of the charges against him. Complaint at ¶ IV & Count II.

From Defendant's submission, the certified appellate opinion in *Filip II*, one learns the following uncontradicted factual information. In Plaintiff's original divorce action in the Court of Common Pleas, Cuyahoga County, Domestic Relations Division, *Filip v. Filip* ("Filip I"), Case Nos. 150201 and 150777, as part of the original divorce decree, Judge Flanagan ordered Plaintiff to pay sustenance alimony and to pay his former wife $15,000 for her ownership share of the family antique store. Judge Flanagan found Plaintiff in contempt of court for violating the Court's order requiring alimony payments. Plaintiff further violated the Court's prior restraining order by transferring the store to another woman, who later became Filip's new wife. During the pending appeal of Filip's divorce decree, the parties [Filip and his ex-wife] entered into a settlement agreement, pursuant to which Filip withdrew the appeal. The Court vacated its earlier contempt sentence, modified its original divorce decree, and adopted in its new decree the parties' new settlement agreement. Among the sundry terms, Filip agreed to pay his former wife $20,000 as her share of marital property—$15,000 of this debt within sixty (60) days. This new settlement agreement decree stated that "a capias shall issue upon defendant, Victor Filip, upon affidavit of Plaintiff [wife] that any of the payments ... have not been timely made." *Filip II*,

---

**3.** On November 1, 1989, Filip requested leave to amend the Complaint to include claims inadvertantly omitted from the original Complaint. In granting leave to amend, the Court set a deadline of December 6, 1989 in which to amend the Complaint. Since the additional claims (Count II) supplement the original Complaint, the Court refers to the Complaint and the supplement as the "Complaint."

**4.** Although Defendants have not filed an Answer, they have raised by motion an immunity defense (absolute judicial immunity). The Supreme Court has cautioned lower courts that after the immunity defense is raised, insubstantial cases should not go to trial. *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411, 425 (1985) (qualified immunity). The rationale for immunity defenses, which includes protecting public officials performing their official duties from the burdens, abuse and intrusion of discovery, counsels heavily in utilizing summary judgment here.

*supra,* slip op. at 2. The day before the expiration of sixty days, Filip filed a motion to modify the alimony and division of property. Since Filip failed to pay *any* amount of the $15,000 obligation, the wife caused his arrest. *Id.*

At the second contempt hearing the next day, Filip claimed he was unable to comply with the divorce decree and admitted that he made no payment toward alimony or the $15,000 debt after he signed the settlement agreement. Judge Flanagan heard Filip testify as to his unemployment, his assets and new wife's income. However, Filip admitted that friends and relatives would loan him money and failed to document or corroborate any alleged employment and bank loan applications. Judge Flanagan relied on the original divorce decree findings, disbelieved Victor Filip's testimony, and found him in contempt for the second time:

> The court finds that there was clear and convincing evidence that defendant Victor Filip is in contempt of this Court's agreed order dated October 16, 1986 at Volume 1188, page 679. The court further finds that the parties stipulate that defendant Victor Filip did not pay $15,-000 on 12/2/86 as ordered in said judgment. The court further finds that the defendant's defense of inability to pay is not valid in that he had funds to pay towards said obligation prior to its due date. The court further finds that defendant Victor Filip was found guilty of contempt in the court's judgment at Volume 1107, page 58 and accordingly defendant is sentenced pursuant to ORC Section 2705.05(A)(2). IT IS THEREFORE ADJUDGED AND DECREED that: 1. Defendant Victor Filip is sentenced to 60 days confinement in the county jail commencing immediately. 2. Defendant shall be given one day credit for time served. 3. Defendant can purge himself of contempt by causing payment

to be made of $15,000 plus statutory interest and 2% poundage to the Bureau of Support. 4. Plaintiff is awarded $975.00 as for reimbursement of her attorney fees herein. 5. Defendant shall pay court costs. 6. Judgment is hereby awarded defendant for attorney fees at number 4 herein. 7. Defendant is remanded into custody of the County Sheriff.

*Filip II,* slip. op. at 3–4, (quoting *Filip I,* Case No. 150777.) Filip appealed, and the Court of Appeals affirmed Judge Flanagan on all grounds. *Filip II, supra,* at 5.

After this appeal, on July 8, 1988, Plaintiff's ex-wife apparently filed an Affidavit for Capias (Plaintiff's Brief in Opposition, Exhibit A). A contempt hearing occurred on October 28, 1988, which resulted in Filip's third incarceration and instigation of this lawsuit. Plaintiff disputes the existence of this affidavit. He also states that he has been unable to see a copy of it. Judge Flanagan apparently again determined at the third contempt hearing that Filip was not indigent. Filip then went off to jail.

Summary Judgment is appropriate here because, as Defendant argues, the *material* facts are not in dispute. Plaintiff, in his Brief in Opposition, makes much ado about an alleged missing Affidavit for Capias and Judge Flanagan's failure to recognize Plaintiff's alleged poverty.[5] Even if these facts are true, which the Court views in a light most favorable to Plaintiff [the non-moving party] for summary judgment, they are not *material* to Plaintiff's Section 1983 action.

Under Fed.R.Civ.P. 56(c):

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

---

**5.** In the Complaint, Plaintiff alleges that Judge Flanagan violated his Miranda rights at his second contempt hearing. The argument is frivolous for two reasons. First, Plaintiff did not raise the argument on appeal, and preclusion principles bar relitigation of this issue here. Second, Miranda applies to police and prosecu-

torial conduct. Filip also claims that the third contempt hearing lacked Due Process because he had no notice and opportunity to be heard. Even if this assertion were true, it is not material to a suit for damages. Similarly, Filip's bail argument is not material to a § 1983 action for damages.

issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211 (1986), the Supreme Court stated:

As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *See* generally 10A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2725, pp. 93–95 (1983).

The substantive law is clear in this case as to materiality. Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983

■ Although § 1983 "on its face admits no immunities," *Malley v. Briggs*, 475 U.S. 335, 339, 106 S.Ct. 1092, 1095, 89 L.Ed.2d 271, 277 (1986), the Supreme Court has adhered to the doctrine of *Bradley v. Fisher*, 80 U.S. [13 Wall.] 335, 20 L.Ed. 646 (1872)[6] and held that "judges defending against § 1983 actions enjoy absolute immunity from civil damages liability for acts performed in their judicial capacities." *Supreme Court of Virginia v. Consumers Union of United States, Inc.*, 446 U.S. 719, 734–35, 100 S.Ct. 1967, 1976, 64 L.Ed.2d 641, 655 (1980); *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). The test for judicial capacity has two parts: whether a judge has jurisdiction and whether the act is a judicial one. Because "some of the most difficult and embarrassing questions" that a judge considers and determines "relate to his jurisdiction," *Bradley v. Fisher, supra*, 80 U.S. at 352, the "scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. at 356, 98 S.Ct. at 1104, 55 L.Ed.2d at 339. Even if the action taken "was in error, was done maliciously, or was in excess of his authority," a judge "will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump, supra*, at 356–57, 98 S.Ct. at 1105, 55 L.Ed.2d at 339 (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall) at 351.)

■ Plaintiff argues that the lack of an affidavit before issuing capias deprived Judge Flanagan of subject matter jurisdiction to conduct the contempt hearing or to sentence him. However, one can not say that this alleged technical defect necessarily means, for absolute immunity purposes, that Judge Flanagan lacked jurisdiction over the Plaintiff and is stripped of his immunity. Plaintiff introduces, in his Brief, an alleged October 28, 1988 contempt hearing statement: " 'The Court has before it a citation that has been issued at the request of the Plaintiff [Helen Filip] ...' (Tr., page 4.)" Plaintiff then cites Title VI Rule 29(B) of [the Domestic Relations Division, Cuyahoga County–Common Pleas], which provides that "A citation shall issue upon *affidavit* of a party" Brief in Opposition at 1.

Although Plaintiff relies on this rule, Domestic Relations Court Rule 29(A) defines a citation as "an order of Court advising the cited party" of violations of specific provisions of a prior court order; it requires the cited party to appear and produce documentary evidence. The purpose of the rule does not appear to be jurisdictional—it

---

**6.** In its recent caselaw, the Supreme Court cites the date of decision as 1872. Some confusion has arisen in the lower courts as to the date, whether it is 1871 or 1872. Although the official U.S. Reporter, 13 Wallace, is silent as to the point, 20 L.Ed. 646 shows that *Bradley v. Fisher* was argued Feb. 26–27, 1872 and decided on April 8, 1872.

merely provides notice of the charge and an opportunity to be heard—the elements of due process. In contrast, the legislature states in the jurisdictional statute, O.R.C. § 3105.011 that:

> The Court of Common Pleas including division of courts of domestic relations, has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters. This section is not a determination by the general assembly that such equitable powers and jurisdiction do not exist with respect to any such matter.

To enforce their judgments and decrees, Common Pleas courts have both inherent power, *Harris v. Harris*, 58 Ohio St.2d 303, 12 O.O.3d 291, 390 N.E.2d 789, 792 (1979) (citing *Hale v. State*, 55 Ohio St. 210, 45 N.E. 199 (1896)), and statutory power, O.R.C. § 2705.02, to punish contempt:

> A person guilty of any of the following acts may be punished as for a contempt: (A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court of an officer....

Following *Stump v. Sparkman*, the record shows that Judge Flanagan had jurisdiction over Plaintiff's divorce settlement, had contempt power to enforce his decree, and sentenced Plaintiff under O.R.C. § 2705.05(A)(2). *See Filip II*, slip. op. at 4. Plaintiff's own citation for the third contempt reveals that he had notice of the charges, an opportunity to be heard, and the opportunity to have counsel. *See*, O.R.C. § 2705.03 & Exhibit A. Thus, any procedural errors, or claims alleging defects in due process, such as the affidavit, can be met on appeal. *See*, O.R.C. § 2705.09. Indeed, Defendant's submission shows that Plaintiff had notice, a hearing, and appellate review of Plaintiff's second contempt charge. Plaintiff did not contest Judge Flanagan's subject matter jurisdiction before the appellate court. Thus, it is clear that Judge Flanagan had jurisdiction over this matter. *Stump, supra.*

As to the second part of the test for judicial capacity, Filip argues that Judge Flanagan engaged in a non-judicial act. In his Brief, Filip contends that Judge Flanagan knew no affidavit existed, and supports this argument with *Lopez v. Vanderwater*, [620 F.2d 1229 (7th Cir.) *cert. dismissed*,] 449 U.S. 1028, 101 S.Ct. 601, 66 L.Ed.2d 491 (1980).

As the Sixth Circuit has summarized *Stump, supra*, an act is nonjudicial if "it is one not normally performed by a judicial officer or if the parties did not deal with the judge in his official capacity." *King v. Love*, 766 F.2d 962, 965 (6th Cir.1985) (citing *Stump, supra*, 435 U.S. at 362, 98 S.Ct. at 1107, 55 L.Ed.2d at 342). Clearly, divorce decrees, indigency determinations, and contempt hearings are those acts normally performed by a Common Pleas Court Judge. The record shows Judge Flanagan acted in his official capacity, and the litigants quite reasonably expected that he was performing judicial acts. Judge Flanagan held contempt proceedings in his courtroom, heard testimony from both sides. *See King v. Love*, 766 F.2d at 966. Any procedural errors on a Judge's part should be properly *appealed* in the state courts of Ohio, not instituted as civil rights claims in the federal district courts. *See* O.R.C. § 2705.09 Thus, absolute immunity bars all damage relief under 42 U.S.C. § 1983.

As to equitable relief, as Plaintiff correctly notes, absolute judicial immunity is no bar to prospective equitable relief against judicial officers acting in their official capacities. *Pulliam v. Allen*, 466 U.S. 522, 541–42, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984); *Affeldt v. Carr*, 628 F.Supp. 1097, 1102–03 (N.D.Ohio 1985) (Battisti, C.J.). Plaintiff has not specified any particular equitable relief, except for an Order requiring the Common Pleas Court to follow the law.

To obtain equitable relief, Plaintiff must show "that he has an inadequate remedy at law and a serious risk of irreparable harm. *Pulliam, supra*, 466 U.S. at 537, 104 S.Ct. at 1978, 80 L.Ed.2d at 576; *See Gilley v. United States*, 649 F.2d 449, 454 (6th Cir. 1981); *Affeldt v. Carr*, 628 F.Supp. at 1103. Plaintiff has failed to make such a showing. Although Plaintiff had adequate rem-

**1154**

edies at state law, e.g., appeal or habeas corpus relief, Plaintiff apparently failed to afford himself of any state appeals in his third contempt, and did not utilize state habeas corpus relief. Second, Plaintiff, it appears, is no longer incarcerated; thus, if this deprivation of liberty were, *arguendo*, irreparable harm, the issue is moot.

Accordingly, since damages and equitable relief can not be afforded, Summary Judgement is Granted to Defendant Judge Flanagan.

IT IS SO ORDERED.